STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, ss                                          CIVIL ACTION
                                                  DOCKET NO. CV-10-58
                                                   ·· ·  ·  | ·// · 6/5 2010

PHILIP AUDET,                    )
                                 )
        Plaintiff                )
                                 )
            vs.                  )          DECISION ON MOTION
                                 )
SENTRY INSURANCE GROUP           )
d/b/a Dairyland Insurance        )
                                 )
        Defendant                )

        This matter came before the court on the Plaintiff's Motion to Confirm
Arbitration Award under the Uniform Arbitration Act.  The Defendant has
objected to the motion on the grounds that there never was any arbitration
from which an award could be confirmed.  Because the court agrees with the
Defendant's position, the motion will be denied.

### Background

        This matter arises out of an incident on November 3, 2009, in which the
Plaintiff's motorcycle was damaged to the point that it was considered a total
loss.  The Plaintiff filed a claim under the collision coverage provision of the
insurance policy written by the Defendant, which covered the motorcycle.

        For purposes of this motion, it is assumed that the Defendant is not
contesting coverage or its liability under the policy.  However, at some point
during processing of the Plaintiff's claim, there arose a dispute as to the value
of the motorcycle in question prior to the accident.  The parties followed the
procedures set forth in the policy to resolve this difference by each selecting an
appraiser to do a valuation.  According to the affidavit of Louis Boyle (Plaintiff's
Exhibit No. 1), Mr. Boyle and Mr. Batton agreed that the value of the motorcycle
was $19,500.00, not including taxes or fees.  The Plaintiff believes that this is
the amount of his loss under the policy and is seeking confirmation of the
agreed-to appraisal as an arbitration award.  The Defendant objects, taking the
position that the appraised value is subject to coverage limitations for optional

equipment, and also objects to confirmation of the appraisal amount as an arbitration award.

The question of whether or not the process employed by the parties to obtain a valuation constituted arbitration, is primarily controlled by the provisions of the insurance policy. The process described in the motion and the Boyle affidavit is completely consistent with a provision found in the "Amendatory Endorsement – Maine" (Page 3), which states:

> If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to an umpire chosen by them. A decision agreed to by any two will be binding on both you and us as to the amount of loss.

However, the Plaintiff relies upon the arbitration provision found on Page 4 of the primary policy, which begins;

> If we and you, or your legal representative, don't agree on your legal right to receive damages or the amount of damages, then upon the written request of either party, the disagreement will be settled by arbitration.

This provision occurs in a section captioned "Uninsured Motorist Insurance", but the Plaintiff argues that the provision applies to the policy as a whole. This argument might be persuasive, but for the amendment to the arbitration language which is included in the Maine Endorsement as follows:

> If we and you or your legal representative don't agree on the legal responsibility of the <u>uninsured motorist</u> to pay your damages or the amount of the damages, then upon the consent of both parties, the disagreement will be settled by arbitration. (Page 3, emphasis provided)

In light of the clarifying amendment of the arbitration provision and the specific applicability of other provisions of the policy in characterizing the process used, the court finds and concludes that while the appraisal process may have resulted in an agreement as to the value of the motorcycle before the accident, it was not an arbitration and the appraisal agreement was not an arbitration award. With no award, there is nothing for the court confirm.

The entry will be:  Motion denied.

The Clerk is directed to note this Judgment on the docket and it is incorporated by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

Dated: _____6/15/12_____

_____
S. Kirk Studstrup
Justice, Maine Superior Court

PHILIP AUDET VS SENTRY INSURANCE GROUP D/B/A DAIRYLAND INSURANCE
UTN:AOCSsr  -2010-0036059                          CASE #:BANSC-CV-2010-00058
------------------------------------------------------------------------------
PHILIP AUDET                                                      PL
    FERRIS, JOSEPH   Tel# (207) 989-8506
       120 N MAIN ST BREWER ME 04412

SENTRY INSURANCE GROUP D/B/A DAIRYLAND INSURA                    DEF
    HADDOW, JON   Tel# (207) 990-3314
       PO BOX 738 BANGOR ME 04401-0738